UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

National Association for the Advancement of
Colored People, Detroit Branch, et. al.,

       Plaintiffs,

vs.

Rick Snyder, et al.,

       Defendants.

Case No. 2:11‐cv‐15385‐BAF‐LJM
Hon. Bernard A. Friedman

_____/
**SACHS WALDMAN, P.C.**
**Mary Ellen Gurewitz (P25724)**
**James A. Britton (P71157)**
**1000 Farmer St.**
**Detroit, MI 48226**
**(313) 965-3464**
megurewitz@sachswaldman.com
jabritton@sachswaldman.com

_____/

**MICHIGAN DEMOCRATIC PARTY'S MOTION TO INTERVENE
AS OF RIGHT OR FOR PERMISSIVE INTERVENTION PURSUANT TO RULE 24**

    Now Comes the Michigan Democratic Party ("MDP"), by and through its attorneys, SACHS WALDMAN, P.C., and for its Motion to Intervene pursuant to Fed. R. Civ. P. 24(a) and (b), states the following:

    1.    On August 19, 2011, Michigan Governor Rick Snyder signed into law, Public Act 129 of 2011, codifying the SB 498 plan as the new Michigan State Senate and Michigan House electoral boundaries (hereafter, "the Plan").

    2.    According to Plaintiff's First Amended Complaint filed on January 3, 2011, the legislature's House redistricting plan will force out 50% of the minority representatives to the

State House from the City of Detroit, and will split the Latino Community in Southwest Detroit into two Districts instead of creating one, cohesive and geographically compact district. Plaintiffs have thus challenged the Plan as violating the Fourteenth Amendment to the United States Constitution and Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973, and 42 U.S.C. § 1983.

3. The Michigan Democratic Party has a substantial interest in this dispute because all of the minority representatives from the City of Detroit are members of the Democratic Party and because a substantial proportion of the voting age population in the Southwest Detroit Latino community are registered with the Michigan Democratic Party.

4. The MDP otherwise has members in every district defined in the Senate and House redistricting plans.

5. Upon information and belief, Plaintiffs' Complaint was served on Defendants on January 10, 2012.

6. The MDP, Plaintiffs and Defendants share factual and legal claims common to all parties to this litigation.

7. Neither Plaintiffs nor Defendants will adequately represents the MDP's interest in this case as the MDP has an interest in protecting its incumbent members' seats from being usurped by an unconstitutional redistricting plan. The MDP also has in interest in insuring that its members have a full and fair opportunity to participate in the political process on an equal basis with other members of the community.

8. Intervention will not result in undue delay and will not prejudice the adjudicative rights of the original parties.

9.      Pursuant to Fed. R. of Civ. P. 24(c), in lieu of filing an original pleading, proposed Intervenor MDP adopts by reference the First Amended Complaint filed by Plaintiffs in this case. *See, Providence Baptist Church v. Hillandale Committee*, 425 F.3d 309, 314-315 (6th Cir. 2005) (courts should take a permissive approach with respect to the Rule 24(c) requirement and a motion to intervene should not be dismissed for failure to comply, especially where failure to attach a pleading will not result in prejudice to either party).

10.     Pursuant to Local Rule 7.1, counsel for the MDP have sought concurrence in this Motion from Plaintiffs and Defendants and all parties have consented to intervention.  A Stipulation and proposed order is also being filed with this motion.

WHEREFORE, the Michigan Democratic Party respectfully requests that this Court GRANT its Motion to Intervene pursuant to Fed. R. Civ. P. 24(a) as of right or, in the alternative, pursuant to Rule 24(b), as the Court may permit.

                Respectfully Submitted,

                Sachs Waldman, P.C.
                Counsel for Michigan Democratic Party

                By:     /s/ Mary Ellen Gurewitz
                          Mary Ellen Gurewitz (P25724)
                          James A. Britton (P71157)
                          1000 Farmer St.
                          Detroit, MI 48226
                          megurewitz@sachswaldman.com
                          jabritton@sachswaldman.com
                          (313) 965–3464

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

National Association for the Advancement of
Colored People, Detroit Branch, et. al.,

       Plaintiffs,                      Case No. 2:11‐cv‐15385‐BAF‐LJM
                                                     Hon. Bernard A. Friedman

vs.

Rick Snyder, et al.,

       Defendants.

_____/

**SACHS WALDMAN, P.C.**
**Mary Ellen Gurewitz (P25724)**
**James A. Britton (P71157)**
**1000 Farmer St.**
**Detroit, MI 48226**
**(313) 965-3464**
**megurewitz@sachswaldman.com**
**jabritton@sachswaldman.com**
_____/

**MICHIGAN DEMOCRATIC PARTY'S BRIEF
IN SUPPORT OF ITS MOTION TO INTERVENE**

TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

CONTROLLING AUTHORITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

       I.     THE MICHIGAN DEMOCRATIC PARTY SATISFIES ALL OF THE
RULE 24(a) FACTORS AND SHOULD BE ALLOWED TO
INTERVENE AS OF RIGHT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

            A.     The Motion is Timely. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

            B.     The MDP Has a Substantial Legal Interest in the Case. . . . . . . . 3

            C.     The MDP's Interest Will Be Impaired Absent Intervention. . . . . 5

            D.     The Existing Parties May Not Adequately Represent the
MDP's Interest. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

       II.    THE MDP SATISFIES THE RULE 24(b) REQUIREMENTS FOR
PERMISSIVE INTERVENTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

       III.   THE MDP ADOPTS PLAINTIFFS' COMPLAINT AS ITS PLEADING
FOR RULE 24(c) PURPOSES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

STATEMENT OF ISSUES PRESENTED

1. Whether the Michigan Democratic Party may intervene as of right pursuant to Fed. R.Civ. P. 24(a) where the Michigan Democratic Party has a substantial interest in ensuring that its members participate in a fair political process?

2. Whether the Michigan Democratic Party may permissively intervene pursuant to Fed. R. Civ. P. 24(b) where it will assert claims and facts common to the Plaintiffs in this case and where its claims are adverse to Defendants?

CONTROLLING AUTHORITY

*Michigan State AFL-CIO v. Miller*, 103 F.3d 1240 (6th Cir. 1997)

*Providence Baptist Church, et al. v. Hillandale Committee, LTD*, 425 F.3d 309 (6th Cir. 2005)

Fed. R. Civ. P. 24

**INTRODUCTION**

The Michigan Democratic Party ("MDP") seeks to intervene in this case in support of Plaintiffs' Complaint challenging the legality of the Michigan Legislature's State House redistricting plan. The MDP has consistently opposed and challenged the propriety and legality of the partisan redistricting plans adopted by the Michigan Legislature. Its opposition to this and other approved redistricting plans is well documented. Given the MDP's substantial interest in protecting its incumbent members and its desire to ensure that its members have a full and fair opportunity to participate equally in the electoral process, this Court should grant the MDP's motion.

**ARGUMENT**

**I.      THE MDP SATISFIES ALL OF THE RULE 24(a) FACTORS AND SHOULD BE ALLOWED TO INTERVENE AS OF RIGHT.**

The rules governing intervention as of right are to be construed broadly in favor of the applicants. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1246 (6th Cir. 1997). Rule 24(a) allows intervention as of right where the applicant:

> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. Fed. R. Civ. P. 24(a)(2).

A proposed intervenor must establish four factors: (1) the motion must be timely; (2) the proposed intervenor must have a substantial legal interest in the subject matter of the case; (3) the proposed intervenor must show that its ability to protect its interest may be impaired in the absence of intervention; and, (4) the proposed intervenor must show that the parties already before the court cannot adequately protect the proposed intervenor's interest. *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007).

1

**A.     The Motion is Timely**.

In assessing whether a motion to intervene is timely under Rule 24, the Sixth Circuit has articulated a multi-factor analysis, stating:

> Timeliness is to be determined from all the circumstances. Among the other circumstances to consider are these: (1) the purpose for which intervention is sought; (2) the length of time preceding the application for intervention during which the intervenor knew or reasonably should have known of his interest in the case; (3) the prejudice to the original parties due to the proposed intervenors failures after he know of or reasonably should have known of his interest in the case promptly to apply for intervention; and (4) the existence of unusual circumstances militating against or in favor of intervention.

*Michigan Ass'n for Retarded Citizens v. Smith*, 657 F. 2d 102, 105 (6th Cir. 1981).

Here, because the litigation is at such an early stage, the actual time factor should not be an issue regarding the MDP's motion to intervene. The Plaintiffs filed the Amended Complaint on January 3, 2012, and apparently did not serve the named Defendants until on or about January 10, 2012. Further, where courts generally have stated that prejudice to the existing party is the most important factor, there is no denying that the MDP's intervention at this early stage will not prejudice any existing party, especially where no discovery has taken place, and where the court has scheduled the initial status conference for January 25, 2012.[1]  *See, e.g., Usery v. Brandel,* 87 F.R.D. 670, 675 (W.D. Mich 1980) (where litigation had not advanced beyond early stages of discovery and was yet far from trial, intervenors' motion did not prejudice any existing parties' right nor did it impede the progress of the case).

**B.     The MDP Has a Substantial Legal Interest in the Case.**

As the Sixth Circuit has noted, "an intervenor need not have the same standing necessary to initiate a lawsuit in order to intervene in an existing district court suit where the plaintiff has

---

[1] Docket Entry # 17

standing." *Providence Baptist Church v. Hillandale Committee, LTD*, 425 F.3d 309, 315 (6th Cir. 2005) (quoting *Associated Builders & Contractors v. Perry*, 16 F.3d 688, 690 (6th Cir. 1994).  Instead of requiring the more exacting Article III standing prerequisites in evaluating whether a proposed intervenor has a substantial legal interest, the Sixth Circuit has adopted a "rather expansive notion of the interest sufficient to invoke intervention of right." *Providence Baptist Church,* 425 F.3d at 315 (quotations and citations omitted).

In *Miller*, the Sixth Circuit adopted a rationale from the Ninth Circuit that is particularly relevant here: a public interest group that is involved in the process leading to adoption of legislation has a cognizable interest in defending that legislation.[2] 103 F.3d at 1245 (citing *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995); *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 527 (9th Cir. 1983); and, *State of Idaho v. Freeman*, 625 F.2d 886 (9th Cir. 1980)). In *Miller* the court concluded that the Michigan Chamber of Commerce had sufficient legal interest to intervene in a suit challenging an amendment to the state's campaign finance law. In affirming the Chamber's right to intervene in the campaign finance case, the court observed that (1) the Chamber of Commerce was a vital participant in the political process that resulted in new legislation, (2) that the Chamber of Commerce was a repeat player in Campaign Finance Act litigation, (3) that the Chamber of Commerce was a significant party which was adverse to the challenging union in the political process surrounding Michigan state government's regulation of political campaign financing, and (4) that the Chamber of Commerce itself was an entity also regulated by at least three of the four statutory provisions challenged by plaintiffs. *Id*. at 1247.

---

[2] The MDP's purpose here is not to defend the legislation, but challenge its legality as it has done throughout the redistricting process.

Using the *Miller* factors as guideposts, it is clear that the MDP has a substantial legal interest in continuing to oppose the unconstitutional redistricting plan. First, not only has the MDP been a "vital participant" in the process leading to the legislation at issue here, the MDP has routinely challenged redistricting maps that were ultimately approved by the Michigan legislature along party lines. For instance, before SB 498 was signed into law, the MDP submitted its own electoral maps that, in its view, more strictly complied with Constitutional and Voting Rights Act requirements.[3]

The MDP is more than a "repeat player" in the decennial redistricting process. The MDP is itself granted statutory standing to bring an action in the Michigan Supreme Court if the legislature fails to enact a house redistricting plan by the statutory deadline. MCL 4.263 (naming political parties as "interested parties" for the purposes of petitioning the Supreme Court to prepare a redistricting plan). Where the state has recognized the MDP (and other political parties) as vital to ensuring that the redistricting process is carried out, its interest in this litigation is self-evident.

Further, there is no doubt that the MDP's interest are adverse to that of the Defendants in this case. As Plaintiffs' First Amended Complaint points out, in the newly created House districts in the City of Detroit, half of the Detroit representatives will lose seats because the partisan redistricting plan created districts where incumbent house members will have to challenge each other in order to remain in office. *See* First Amended Complaint Para. 1(a). The

---

[3]On May 14, 2011, MDP Chairman Mark Brewer submitted a state senate redistricting map on behalf of the MDP. The map is available at http://www.michigandems.com/mdp_statesenate.pdf

MDP certainly has an interest in protecting its incumbent members from having their duly elected positions usurped by an illegal redistricting plan.

Finally, as there can be no doubt that the MDP is bound to abide by the strictures of the redistricting plan, the "regulated by" factor articulated in *Miller* also counsels in favor of finding that the MDP has demonstrated a substantial interest in this case that warrants intervention as of right. *See Miller*, *supra*.

### C. The MDP's Interest Will Be Impaired Absent Intervention.

"To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal." *Miller*, 103 F.3d at 1247 (citations omitted). The prejudicial effect of stare decisis has been held to satisfy the impairment standard. Wright Miller & Kane, Federal Practice and Procedure, Civil 3d § 1908.2, at 369 (2007) (citing cases). If the Michigan State House redistricting plan is ultimately upheld by this Court, the MDP will have no other meaningful opportunity or forum in which to challenge the validity of the plan absent intervention. Given the MDP's statutory duty to coordinate primary elections, *see e.g.*, MCL 168.532, and its statutorily created authority to ensure that a decennial redistricting takes place, MCL 4.263, the MDP as a major party will be bound by this plan until the next census is taken. Now is the appropriate time for the MDP to protect the interest is has in ensuring that its members participate in elections under a constitutionally valid plan.

### D. The Existing Parties May Not Adequately Represent the MDP's Interest.

An intervening party's burden is "minimal" when attempting to show that its interest will not be adequately represented by existing parties. *Miller*, 103 F.3d at 1247. "It is sufficient that

5

the movant prove that representation *may* be inadequate" *Id* (quotations and citations omitted). An exiting party's representation may be in adequate if the existing party may not make all of the arguments that the proposed intervenor might make. *Id*.

While the MDP is confident that Plaintiffs in this case have a strong interest in overturning the existing redistricting plan, the MDP has the unique experience in drafting multiple redistricting plans. The MDP has held hearings on this subject recently and during instances of past redistricting, and has direct access to its incumbent house of representative members who will be directly displaced by the existing plan. Here, it is the interest of its incumbent members that makes the MDP's interest unique from the existing Plaintiffs in this case. It is the interest of those incumbent members and their personal experiences representing members of their districts that might be obscured absent direct participation by the MDP. *See Forest Conservation Council v. United States Forest Serv*., 66 F.3d 1489 (9th Cir. 1995) ("Inadequate representation is most likely to be found when the applicant asserts a personal interest that does not belong to the general public").

## II.   THE MDP SATISFIES THE RULE 24(b) REQUIREMENTS FOR PERMISSIVE INTERVENTION.

Intervention under Rule 24(b) requires a potential intervenor to show that it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). A court may exercise its discretion in deciding whether to allow a party to intervene permissively. "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(3). In determining whether a party may intervene permissively, the most relevant factors

are whether the motion is "timely and there is at least one common question of law or fact." *Miller*, 103 F.3d at 1248.

These factors have already been set forth above and need not be repeated here at length. The motion is timely given the early stage of the litigation and no party will be prejudiced by the MDP's intervention. Further, the MDP's adoption of the Plaintiff's pleading as a whole is clear evidence that the MDP shares claims in common with the Plaintiffs and adverse to the Defendants, including any potential intervening defendants.

### III.    THE MDP ADOPTS PLAINTIFFS' COMPLAINT AS ITS PLEADING FOR RULE 24(c) PURPOSES.

Although Rule 24(c) requires a proposed intervenor to file a "pleading" as a part of its motion, the MDP adopts the Plaintiffs' First Amended Complaint instead of filing its own proposed pleading in this case. Filing an additional pleading in this case would be unnecessary and merely duplicative of the efforts already expended by Plaintiffs. *See e.g., Payne v. Weirton Steel Co.*, 397 F.Supp 192 (D. W. Va 1975). In *Providence Baptist Church*, the Sixth Circuit took a "lenient" approach with respect to the rule 23(c) requirement and concluded that the district court abused its discretion in denying the party's motion to intervene on the basis that it did not attach a pleading to its motion.  425 F.3d at 314. Relevant here, the court noted that no party was prejudiced by the failure to attach a pleading. Here, the MDP is willing to rely upon the allegations set forth in the Plaintiffs' complaint and therefore feels no need to burden the court or the parties with an almost identical complaint.

### CONCLUSION

For the reasons stated herein, the Michigan Democratic Party requests that its Motion to Intervene be granted by this Court.

        Respectfully Submitted,

        Sachs Waldman, P.C.
        Counsel for Michigan Democratic Party

        By:    /s/ Mary Ellen Gurewitz
                 Mary Ellen Gurewitz (P25724)
                 James A. Britton (P71157)
                 1000 Farmer St.
                 Detroit, MI 48226
                 megurewitz@sachswaldman.com
                 jabritton@sachswaldman.com
                 (313) 965–3464

## CERTIFICATE OF SERVICE

     I hereby certify that I electronically filed the foregoing Motion To Intervene As Of Right with the Clerk of the Court using the ECF system on this 24th day of January 2012, which will send notice of this filing to all registered parties via electronic transmission.

        SACHS WALDMAN, P.C.

        */s/ James A. Britton*
        James A. Britton
        1000 Farmer Street
        Detroit, MI   48226
        (313) 496-9429
        e-mail: jabritton@sachswaldman.com